UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
GREGORY YUNGA, ANTONIO CHOGLLO, EDGAR
MARCELO RODRIGUEZ, ANTONIO GUAMAN,
OSWALDO MEJIA, JOSE CHOGLLO, OSWALDO E.
ORGEGA, OSCAR SORTO, FREDDY DELGADO,
JAKSSON RAMON, WILLIAM MEJIA, JORGE
R. LUDIZACA, RICHARD MEJIA, TITO
HERNANDEZ GOMEZ, FERNANDO MAINATO,
ALBERTO EDUARDO VALENCIA VEGA, DANIEL
SANDOVAL, SEGUNDO PALCHISPACA,
and GENARO W. ORTEGA,

08 CIV. 4776

8 Civ.        (    )

**COMPLAINT**

Plaintiffs,

**JUDGE ROBINSON**

-against-                              **Jury Trial Demanded**

JOSEPH SPIEZIO, individually, SCOTT FREDERICKS,
individually, and LAWRENCE KALKSTEIN, individually,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiffs GREGORY YUNGA, ANTONIO CHOGLLO, EDGAR MARCELO

RODRIGUEZ, ANTONIO GUAMAN, OSVALDO MEJIA, JOSE CHOGLLO,

OSWALDO E. ORGEGA, OSCAR SOTO, FREDDY DELGADO,

JAKSSON RAMON,WILLIAM MEJIA, JORGE R. LUDIZACA, RICHARD MEJIA,

TITO HERNANDEZ GOMEZ, FERNANDO MAINATO, ALBERTO EDUARDO

VALENCIA VEGA, DANIEL SANDOVAL, SEGUNDO PALCHISPACA, and

GENARO W. ORTEGA, by their attorneys Lovett & Gould, LLP, for their complaint

respectfully state:

**NATURE OF THE ACTION**

1.  This is an action for damages, proximately resulting from the conduct of

1

Defendants while acting in concert and pursuant to a conspiratorial agreement to violate

Plaintiffs rights as guaranteed by 42 U.S.C. §1985(3), the Fair Labor Standards Act

(hereinafter "FLSA"), the New York State Labor Law, and *inter alia* the common law of

the State of New York.

## JURISDICTION

2.   The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

Plaintiffs' supplemental state law claims are interposed in accordance with 28 U.S.C.

§1367. With respect to Plaintiffs' Fair Labor Standards Act claim, since at no time did

Defendants and/or any of them post in or about any workplace the notices required by the

FLSA, 29 C.F.R. §516.4, the otherwise statute of limitations contained in the FLSA did

not, by reason of equitable tolling, begin to run until Plaintiffs retained counsel on May

14, 2008. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y.

2007)(Mahon, J.).

## THE FACTS

3.   GREGORY YUNGA (hereinafter "Yunga") is a male Latino and a

domiciliary of the State of Maryland. During the period May 2001 through and including

July of 2004, he worked for Defendant Spiezio as a laborer with respect to construction

projects known as: 1211 North Broadway, Yonkers, New York; 45 South Broadway,

Yonkers, New York; 55 Main Street, Yonkers, New York; 92 Main Street, Yonkers, New

York; Shopping Center located at Tuckahoe Road and Central Avenue, Yonkers, New

York, and a privately owned property situated in Long Beach, New York. In that capacity

and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per

compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

5.  Plaintiff EDGAR MARCELO RODRIGUEZ is a male Latino, a domiciliary of the State of New York, and a resident of the Northern Counties. During the period March 2002 to September 2004, he was employed by Defendant Spiezio as a laborer with respect to construction projects known as: 1214 North Broadway, Yonkers, New York; 45 South Broadway, Yonkers, New York; 55 Main Street, Yonkers, New York, 92 Main Street, Yonkers, New York; and a shopping center known as Centuck situated at Tuckahoe Road and Central Avenue in Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average sixty hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

York, and a resident of the Northern Counties. During the period August 2001 through

June 2003 he was employed by Defendant Spiezio as a laborer with respect to

construction projects know as: 1214 North Broadway, Yonkers, New York; 45 South

Broadway, Yonkers, New York; 55 Main Street, Yonkers, New York; 92 Main Street,

Yonkers, New York; 296-324 Long Beach Road, Island Park, New York; a building in

Bronx County which apparently belonged to Spiezio's mother; Spiezio's residence in

New Rochelle, New York; and the shopping center known as Centuck situated at

Tuckahoe Road and Central Avenue in Yonkers, New York. In that capacity and pursuant

to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a

workweek of forty hours. In that connection Plaintiff worked on average sixty hours per

week, was paid nothing by way of overtime for work performed in excess of forty hours

per week, and periodically was required to work on Sundays without any compensation at

all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash

for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed

to Plaintiff, on the false representation that that cash represented taxes to be withheld and

paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money

was stolen by Defendants and no moneys were paid to any taxing authority with respect

to Plaintiff's weekly earnings.

11. Plaintiff FREDDY DELGADO is a male Latino, a domiciliary of the of New

York, and a resident of Queens County. During the period June 2003 through May 2004

he was employed by Defendant Spiezio as a laborer with respect to the said various

construction projects situated in Yonkers, New York. In that capacity and pursuant to

contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a

workweek of forty hours. In that connection Plaintiff worked on average sixty hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

12. Plaintiff JAKSSON RAMON is a male Latino a domiciliary of the of New York, and a resident of Queens County. During the period February 2000 through July 2004 he was employed by Defendant Spiezio as a laborer with respect to various construction projects including: 45 South Broadway, Yonkers, New York; 24 Main Street, Yonkers, New York; 296-324 Long Beach Road, Island Park, New York; a building in Bronx County which was apparently owned by Spiezio's mother; 92 Main Street, Yonkers, New York; and Defendant Spiezio's residence in New Rochelle, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average sixty hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that

required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

16. Plaintiff TITO HERNANDEZ GOMEZ is a male Latino, a domiciliary of the State of New York, and a resident of Bronx County. During the period December 2003 through June 2005 he was employed by Defendant Spiezio as a laborer with respect to construction projects know as: 92 Main Street, Yonkers, New York; and the shopping center at Tuckahoe Road and Central Avenue in Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average fifty-five hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

17. Plaintiff FERNANDO MAINATO is a male Latino, a domiciliary of the

State of New York, and a resident of Bronx County. During the period June 2003 through April 2005 he was employed by Defendant Spiezio as a laborer with respect to construction projects know as: 92 Main Street, Yonkers, New York; 45 South Broadway, Yonkers, New York; 1214 North Broadway, Yonkers, New York; and 1214 Main Street, Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average fifty-five hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

18. Plaintiff ALBERTO EDUARDO VALENCIA VEGA is a male Latino, a domiciliary of the State of New York, and a resident of Bronx County. During the period October 2003 through July 2005 he was employed by Defendant Spiezio as a laborer with respect to construction projects know as: 92 Main Street, Yonkers, New York; 24 Main Street, Yonkers, New York; and the shopping center at Tuckahoe Road and Central Avenue, Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average fifty-five hours per week, was paid nothing by

13

way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

19. Plaintiff DANIEL SANDOVAL is a male Latino, a domiciliary of the State of New York, and a resident of Bronx County. During the period June 2004 through September 2004 he was employed by Defendant Spiezio as a laborer with respect to construction projects know as: 92 Main Street, Yonkers, New York; and the shopping center at Tuckahoe Road and Central Avenue, Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average fifty-five hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

20. Plaintiff SEGUNDO PALCHISPACA is a male Latino, a domiciliary of the State of New York, and a resident of Bronx County. During the period August 2001 through July 2003, he was employed by Defendant Spiezio as a laborer with respect to construction projects know as: 92 Main Street, Yonkers, New York; 45 South Broadway, Yonkers, New York; 1214 Main Street, Yonkers, New York; 24 Main Street, Yonkers, New York; and the shopping center at Tuckahoe Road and Central Avenue, Yonkers, New York. In that capacity and pursuant to contract Plaintiff was to be paid $120 per diem at a rate of $15.00 per hour for a workweek of forty hours. In that connection Plaintiff worked on average fifty-five hours per week, was paid nothing by way of overtime for work performed in excess of forty hours per week, and periodically was required to work on Sundays without any compensation at all. With respect to Plaintiff's weekly salary Defendants unlawfully appropriated in cash for the personal benefit of Defendant Spiezio twenty per cent of the gross moneys owed to Plaintiff, on the false representation that that cash represented taxes to be withheld and paid by Defendants to Federal, State, and Yonkers' tax authorities. In fact that money was stolen by Defendants and no moneys were paid to any taxing authority with respect to Plaintiff's weekly earnings.

21. Plaintiff GENARO W. ORTEGA is a male Latino, a domiciliary of the State of New York, and a resident of the Northern Counties. In that connection he was employed by Spiezio and as a result was entitled to two weeks paid vacation annually. During 2003, 2004, and 2005, Plaintiff was required by Spiezio to work both weeks of his otherwise paid vacation, but was not paid for the vacation time.

22. Defendant JOSEPH SPIEZIO (hereinafter "Spiezio") is a Caucasian male, and

15

a domiciliary of the State of New York, residing at 22 Beachfront Lane, New Rochelle,

New York. He maintains an office for the conduct of business at 55 Main Street,

Yonkers, New York. At all times relevant to this complaint Spiezio was Plaintiffs'

employer at the various construction sites referenced *supra*; in that capacity Spiezio

openly expressed at those worksites his hatred for Plaintiffs by referencing them in

pejorative terms (*e.g.* "Spics"). None of the Plaintiffs were paid on an overtime basis

although all were required to work in excess of forty hours per week. When Spiezio

forced Plaintiffs or any of them to work on Sundays, they were paid nothing whatsoever.

With respect to weekly payrolls sheets, they substantially accurately reflected the hours

worked by each of the Plaintiffs; however with respect to the twenty percent of gross

wages to be unlawfully retained by Spiezio in cash, yellow post-it notes were affixed to

the payroll sheets identifying the net payment due to the Plaintiffs after subtraction of the

twenty percent. In that connection Plaintiffs were falsely advised by Spiezio and/or his

bookkeeper and/or accountant that that cash was to be remitted to the Federal, State

and/or local taxing authorities In fact Spiezio simply pocketed that cash, and retained it as

unreported income for himself. At no time did Spiezio and/or his co-defendants post in

the workplaces the notices required by the Fair Labor Standards Act, 29 C.F.R. §516.4.

Spiezio, at all times relevant to this complaint, was Plaintiffs' employer for purposes of

the Fair Labor Standards Act and was motivated to engage in the unlawful conduct with

respect to Plaintiffs for the reasons set forth *infra* in paragraph "23".

 23. Defendant SCOTT FREDERICKS (hereinafter "Fredericks") is a male

Caucasian, a domiciliary of the State of New York and a resident of the Northern

Counties having an office for the conduct of business located at 55 Main Street, Yonkers,

16

New York. At all times relevant to this complaint he was employed by Spiezio as his bookeeper. In that capacity, and with respect to each of the Plaintiffs, Fredericks in conjunction with Defendant Kalkstein aided and abetted Spiezio in his scheme by reason of which: i) Plaintiffs were not paid on an overtime capacity when they worked in excess of forty hours per week; ii) twenty percent of Plaintiffs' gross weekly wages were stolen in cash and pocketed by Spiezio; iii) no moneys earned by Plaintiffs were subjected to withholding for purposes of taxes; iv) no federal, state or local taxes were remitted to any taxing authority with respect to the Plaintiff's earnings; and the moneys pocketed by Spiezio were retained by him as unreported personal income. Fredericks at all times relevant to this complaint was Plaintiffs' employer or his [the employer's] agent who for purposes of violating the Fair Labor Standards Act, 42 U.S.C. §1985(3) and the New York State Labor Law intentionally agreed to participate in a scheme - - orchestrated by Spiezio - - to deny Plaintiffs their rights as guaranteed by those laws and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. That scheme, as proposed by Spiezio, and knowingly agreed to by both Fredericks and Defendant Kalkstein, was motivated by Defendants' hostility towards Plaintiffs by reason of their status as Latinos, the circumstance that Plaintiffs predominantly only speak Spanish and/or by reason of their ethnicity and/or ethnic characteristics (*e.g.* dark skin, dark hair, short in stature). In furtherance of Defendants' scheme, as indicated *supra*, Defendants intended to and in fact did take financial advantage of Plaintiffs and deny them their rights under the laws of the United States of America including the right to Equal Protection because they are Latinos, speak Spanish and/or by reason of their ethnic characteristics or ethnicity.

17

26. Under the premises Defendants' willful conduct violated Plaintiffs' rights as guaranteed them by the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 216.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

27. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "24", inclusive.

28. Under the premises Defendants' willful conduct violated Plaintiffs' rights as guaranteed by Sections 652, 662 and 663 of New York State's Labor Law.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "24", inclusive.

30. Under the premises Defendants' conspiratorial agreement and the steps taken by them in furtherance of same violated Plaintiffs' rights as guaranteed by 42 U.S.C. §1985(3).

## AS AND FOR A FOURTH
## CLAIM AGAINST SPIEZIO

31. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "24", inclusive.

32. Under the premises Spiezio violated Plaintiffs' contractual rights and is answerable in damages under the common law of the State of New York.

WHEREFORE  a judgment is requested:

a.  Awarding on the First Claim against all Defendants the amount of
    unpaid minimum wages, the unpaid overtime compensation, with an
    equal amount as liquidated damages, interest, costs, and reasonable
    attorney's fees,

b.  Awarding on the Second Claim against all Defendants the amount of
    unpaid minimum wages, the unpaid overtime compensation, liquidated
    damages equal to twenty-five percent of the total of such
    underpayments, reasonable attorney's fees, and costs,

c.  Awarding on the Third Claim against all Defendants such punitive
    damages as the jury imposes, such compensatory damages as the jury
    determines, reasonable attorney's fees and costs,

d.  Awarding on the Fourth Claim against Spiezio compensatory and
    punitive damages for the willful  breaches of contract, along with
    interest at nine percent retroactive, and,

e.  Granting such other and further relief as to the Court seems just and
    proper.

Dated: White Plains, N.Y.
       May 20, 2008

                                        LOVETT & GOULD, LLP
                                        By:
                                        Jonathan Lovett (4854)
                                        Attorneys for Plaintiffs
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401