UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GREGORY YUNGA, ANTONIO CHOGLLO, EDGAR
MARCELO RODRIGUEZ, ANTONIO GUAMAN,
OSWALDO MEJIA, JOSE CHOGLLO, OSWALDO E.
ORGEGA, OSCAR SORTO, FREDDY DELGADO,          Case No.: 08 Civ. 4776 (SCR)
JAKSSON RAMON, WILLIAM MEJIA, JORGE
R. LUDIZACA, RICHARD MEJIA, TITO              ANSWER
HERNANDEZ GOMEZ, FERNANDO MAINATO,
ALBERTO EDUARDO VALENCIA VEGA, DANIEL
SANDOVAL, SEGUNDO PALCHISPACA,
and GENARO W. ORTEGA,
                                  Plaintiffs,
            -against-

JOSEPH SPIEZIO, individually, SCOTT FREDERICKS,
individually, and LAWRENCE KALKSTEIN, individually,

                                  Defendants.
-----------------------------------------------------------------x

Defendants, **JOSEPH F. SPIEZIO, SCOTT FREDERICKS, and LAWRENCE KALKSTEIN**, by their attorneys, Smith Buss & Jacobs, LLP, respectfully answer Plaintiffs' Complaint as follows:

1. Defendants admit so much of the allegation set forth in paragraph 1 of the Complaint which alleges that this is an action for damages pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), the New York State Labor Law, and *inter alia* the common law of the State of New York, but otherwise deny the allegations and conclusions set forth in paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5.  Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.  Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7.  Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8.  Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.  Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

## IN RESPONSE TO PLAINTIFFS' FIRST CLAIM
## AGAINST ALL DEFENDANTS

25.     Defendants repeat and reallege the admissions and denials previously set forth as if fully set forth here.

26.     Defendants deny the allegations and conclusions set forth in paragraph 26 of the Complaint and respectfully refer all conclusions of law and fact to this Court for its determination.

## IN RESPONSE TO PLAINTIFFS' SECOND CLAIM
## AGAINST ALL DEFENDANTS

27.     Defendants repeat and reallege the admissions and denials previously set forth as if fully set forth here.

28.     Defendants deny the allegations and conclusions set forth in paragraph 28 of the Complaint and respectfully refer all conclusions of law and fact to this Court for its determination.

## IN RESPONSE TO PLAINTIFFS' THIRD CLAIM
## AGAINST ALL DEFENDANTS

29.     Defendants repeat and reallege the admissions and denials previously set forth as if fully set forth here.

30.     Defendants deny the allegations and conclusions set forth in paragraph 30 of the Complaint and respectfully refer all conclusions of law and fact to this Court for its determination.

## IN RESPONSE TO PLAINTIFFS' SECOND CLAIM
## AGAINST SPIEZIO

31. Defendants repeat and reallege the admissions and denials previously set forth as if fully set forth here.

32. Defendants deny the allegations and conclusions set forth in paragraph 32 of the Complaint and respectfully refer all conclusions of law and fact to this Court for its determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. Plaintiffs' claims under the Fair Labor Standards Act are barred by the Statute of Limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiffs' claims against all Defendants are barred as a matter of law since none of the individual Defendants are employers of the Plaintiffs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Defendants are not engaged in "interstate commerce", nor do they constitute an "enterprise" with two or more employees whose annual gross volume of sales or business equals or exceeds $500,000.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiffs' complaint is defective and unduly vague since it fails to plead the time and place of the alleged wrong or injury as required by Rule 9(f) of the Federal Rules of Civil Procedure and fails to specify with particularity the dates, times, and places of employment, or the amount of damages allegedly sustained.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37.     Failure to state a claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38.     Plaintiffs' Complaint should be dismissed as a matter of law since Plaintiffs' have failed to name and join necessary parties, despite actual knowledge on the part of Plaintiffs that said entities are, were, or maybe employers during the time period covered by the Complaint.

39.     Specifically, and without limitation, Plaintiffs failed to name and join the following entities as defendants:  Nicholas Tarsia; Harold P. Cook; III; Perconti & Cook; Richard Dinar; Progressive Building Management; Construction King, LLC; Washington Construction; Washington Construction Management, Inc.; Genaro Washington Ortega; L & R Realty of Yonkers, LLC; Dawn's Gold Century 21 Real Estate; Westchester Locksmith; Pipeworks Piping Corporation; South Broadway Corporate Group, LLC; 45 Holdings, LLC; Trolley Barn Lofts on the Hudson, LLC; Joni Property Trust, LLC; Joni Management & Realty Services, LLC; Mercantile Lofts, LLC; and Long Beach Road Holdings, LLC.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40.     This Court lacks subject matter jurisdiction over Plaintiffs' Fair Labor Standards Act claims and over Plaintiffs' Equal Protection Claims under 42 U.S.C. 1985(3).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

41.     It would be an abuse of discretion for this Court to exercise Supplemental Jurisdiction under 28 U.S.C. 1367 to hear and determine Plaintiffs' State law claims under the New York State Labor Law and New York State common law.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

42.     There is no basis for this Court to pierce the corporate veil or to impose individual liability on any defendant in this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43.     Plaintiffs' have failed to plead or establish a conspiracy as a matter of law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

44.     Plaintiffs have failed to plead or establish the existence of a suspect class.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

45.     Plaintiffs have failed to plead or establish that Defendants intentionally treated Plaintiffs differently than others who are similarly situated.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiffs have failed to plead with specificity or establish racial or class-based invidious discrimination, or that Plaintiffs' race or ethnicity were the motivating factor behind Defendants' allegedly discriminatory acts, or that Defendants discriminated against Plaintiffs on the

basis of their race or ethnicity; and Plaintiffs' description of the ethnic characteristics of Latino's as individuals with "dark skin, dark hair, short in stature" (paragraph 23) is not an accurate description of individuals who may be Latino, nor is it related to any factual allegation of discrimination on the part of Plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47.     The Complaint in this action was filed in bad faith and for an ulterior purpose.

Dated: Yonkers, New York
       July 16, 2008

                SMITH, BUSS AND JACOBS, LLP

                By:     JEFFREY D. BUSS, ESQ. [JDB-5792]
                Attorneys for Defendants, Joseph F. Spiezio, III,
                    Scott Fredericks and Lawrence Kalkstein
                733 Yonkers Avenue, Suite 200
                Yonkers, NY 10704
                Tel: (914) 476-0600

To:    Jonathan Lovett, Esq.
       Lovett & Gould, LLP
       222 Bloomingdale Road
       White Plains, New York   10605

7